## WAGGONER *v.* JERMAIN, 7 Hill, 357.

Reported 1 Hill, 279.

*Canal Commissioners ; Action on the Case.*

THE canal commissioners under the act for the construction of the Crooked Lake canal, caused surveys, &c., to be made and then adopted a plan, as required by the act, preliminary to commencing the work; but the plan had no reference to the mill-dam of the defendant below, which was at the outlet of the lake. Afterward, however, the commissioners by way of *substitute* for certain regulating gates contemplated by the original plan, permitted the defendants below to increase the height of their dam ten inches, in order to effect the same object for which the regulating gates were designed; by this increased height of the dam, the lands of the plaintiff below, lying above the dam, were overflowed and injured; for which injury he brought this action on the case.

The Supreme Court held that the defendant could not justify under the authority of the canal commissioners; that the powers conferred on the commissioners were *quasi* judicial, in respect to the adoption of the plan mentioned, and having once passed upon the question, and determined what the plan should be, their jurisdiction was at an end; and therefore any departure from it, injuriously affecting a third person, formed a ground for recovery of damages; 2. That the rule protecting one for acts done by *judicial* authority, did not apply, because the jurisdiction of the canal commissioners, was limited to a single act, and because *functus officio* on its performance. 3. That it was defensible as a necessary act of *extraordinary repair*

under the statute on that subject, nor within the statute relating to *ordinary repairs.*"

The Court of Errors *reversed* the judgment, holding that as the canal commissioners authorized the defendants to raise their dam, *for canal purposes,* the consequential injury, if any, ought not to be charged upon the defendants.

Judgment *reversed,* 11 to 9.